CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

MAY 01 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| LARRY W. WHITE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 5:12cv117 |
| ) | |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | By: Hon. Michael F. Urbanski |
| ACTING COMMISSIONER OF, ) | United States District Judge |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the court on defendant's Motion to Set Aside Default (Dkt. No. 11) filed on April 26, 2013. On October 26, 2012, plaintiff filed a complaint seeking review of the Acting Commissioner's (the "Commissioner") decision to deny him supplemental security income. The summons was served on the Commissioner on November 19, 2012, with an answer due, pursuant to Local Rule 4(b)(2), on March 19, 2013. On April 25, 2013, the magistrate judge entered an order directing the Clerk of the Court (the "Clerk") to enter default against the Commissioner for her failure to answer or otherwise defend against plaintiff's complaint. (Dkt. No. 9.) Default was entered by the Clerk on the same day. (Dkt. No. 10.) Plaintiff filed a response in opposition to defendant's motion to set aside default on April 29, 2013. (Dkt. No. 16.)[1]

"The disposition of motions made under Rule 55(c) ... is a matter which lies largely within the discretion of the trial judge." Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir. 1967). In considering whether "good cause" exists to

---

[1] The court declines to hear oral argument as it will not aid in its decisional process.

set aside default judgment under Rule 55(c), a court should consider "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204–05 (4th Cir. 2006). The Fourth Circuit has expressed a "strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010). Default judgment is especially disfavored in situations where, as here, the defendant is the government. See Fed. R. Civ. P. 55(d) (providing that "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court"); see also Elliott v. Comm'r of Soc. Sec., 6:10-CV-00032, 2011 WL 2836283, at *1 (W.D. Va. July 14, 2011) (collecting cases).

Here, the Commissioner has shown good cause to set aside the entry of default. While the Commissioner is certainly personally responsible for the failure to respond timely to plaintiff's complaint, the five other Payne factors counsel in favor of setting aside the Clerk's entry of default. Significantly, the Commissioner acted with reasonable promptness by filing her answer (Dkt. No. 13), the administrative transcript (Dkt. No. 14), and her motion to set aside default (Dkt. No. 11) one day after the Clerk's entry of default.[2] There is no history of dilatory action in this case, and the filing of the answer and administrative transcript indicate that the Commissioner has meritorious defenses and plans to plead and otherwise defend against the suit. Finally, the Commissioner indicates that the error was due to mistake or inadvertence, and not in bad faith. See, e.g., Elliott, 6:10-CV-00032, 2011 WL 2836283, at *1.

---

[2] Plaintiff's response was premised on the mistaken belief that the administrative transcript and answer had not been filed.

2

Plaintiff argues that he is prejudiced primarily due to the delay caused by the Commissioner's default. (Dkt. No. 16, at ¶ 7.) "[D]elay in and of itself does not constitute prejudice. Colleton Prep., 616 F.3d at 417. To be sure, plaintiff has failed to allege any actual prejudice in his response, and a thirty-eight day delay in responding to the complaint is not sufficiently long to suggest that plaintiff was prejudiced as a matter of law. See Burton v. The TJX Cos., Inc., No. 3:07–CV–760, 2008 WL 1944033, at *4 (E.D. Va. May 1, 2008). "To determine if the non-defaulting party was prejudiced, courts examine whether the delay [caused by the default]: (1) made it impossible for the non-defaulting party to present some of its evidence; (2) made it more difficult for the non-defaulting party to proceed with trial; (3) hampered the non-defaulting party's ability to complete discovery; and (4) was used by the defaulting party to collude or commit a fraud." Id. None of these factors apply here.

Finally, a less drastic sanction is available. Specifically, the Commissioner suggests that plaintiff be allowed an additional sixty days to file his motion for summary judgment. Plaintiff seems to believe that such an extension would prejudice him even further, stating "the Agency has the temerity to offer the plaintiff an additional 30 days of prejudice." (Dkt. No. 16, ¶ 7.)

Thus, in light of the Fourth Circuit's "time-worn commitment to the resolution of disputes on their merits," the court finds that "good cause" exists to vacate the entry of default under Rule 55(c). Colleton Prep., 616 F.3d at 420 (4th Cir. 2010). Pursuant to Local Rule 4(c), plaintiff is directed to file his brief within thirty (30) days of the date of entry of the accompanying order. The Commissioner's response is due thirty (30) days after plaintiff's brief is filed. An appropriate order of the court shall be entered this day.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered: May 1, 2013

/s/ Michael F. Urbanski
Michael F. Urbanski
United States District Judge